NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT LAWRENCE WILLIAMS, | No. 14-17389 |
| Plaintiff - Appellant, | D.C. No. 4:13-cv-02302-CW |
| v. | |
| CITY OF SAN LEANDRO; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted July 26, 2016**

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Robert Lawrence Williams appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging Fourth Amendment claims

arising out of searches conducted during a traffic stop. We have jurisdiction under

28 U.S.C. § 1291. We review de novo a district court's grant of summary

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

judgment on the basis of qualified immunity. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendant Mund on the basis of qualified immunity because it would not have been clear to every reasonable police officer that the search of Williams's person and the vehicle was unlawful under the circumstances. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 741 (2011) (explaining two-part test for qualified immunity); *see also United States v. Ross*, 456 U.S. 798, 825 (1982) (the scope of a warrantless search of an automobile extends to "every part of the vehicle and its contents that may conceal the object of the search" so long as there is probable cause); *United States v. Garcia-Rivera*, 353 F.3d 788, 791 (9th Cir. 2003) (district court correctly denied suppression motion where officer expanded the scope of a traffic stop to a pat-down search given the driver's furtive movement and failure to provide any valid documentation).

The district court did not err in refusing to consider Williams's racial-profiling allegations because these allegations were not part of the complaint. *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006) (setting forth standard of review and concluding that district court did not err in refusing to consider the allegations raised in plaintiff's response to summary judgment because the complaint did not provide sufficient notice of these allegations).

2                                                              14-17389

The district court did not abuse its discretion in denying Williams's motions to compel because Williams did not demonstrate actual or substantial prejudice. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that district court's broad discretion to deny discovery "will not be disturbed except upon the clearest showing that [the] denial of discovery result[ed] in actual and substantial prejudice to the complaining litigant" (citation and quotation marks omitted)).

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief, or raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Williams's contentions regarding the failure to provide him with additional pages of the Detail Call for Service Report and additional time for discovery are unpersuasive.

Williams's request for monetary sanctions against Mund and his counsel, set forth in the opening brief, is denied.

All pending motions are denied.

**AFFIRMED.**